UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MANUEL MENDOZA, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>　　　　　Defendant. | Case No. ED CV 16-2190 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Salvador Manuel Mendoza, III ("Plaintiff") challenges the Social Security Commissioner's decision denying his applications for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly assessing his credibility. (*See* Joint Stip. at 4-5, 15-18.) The Court agrees with Plaintiff for the reasons discussed below.

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); (Corrected Joint Stipulation ("Joint Stip.") at 3 n.1).

1

A. The ALJ Improperly Assessed Plaintiff's Credibility

As a rule, absent a finding of malingering, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so" supported by substantial evidence. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *Brown-Hunter v. Colvin*, 806 F.3d 487, 489, 492-93 (9th Cir. 2015).

Here, however, the ALJ issued a general finding that failed to (1) identify what testimony he found not credible[2], and (2) tie that testimony to the evidence he believed undermined Plaintiff's complaints. (*See* Administrative Record ("AR") at 18-20); *Brown-Hunter*, 806 F.3d at 493 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." (citation and internal quotation marks omitted)).

Additionally, the ALJ's treatment finding — that Plaintiff "may" have exaggerated his symptoms because he was treated conservatively with medication monitoring — also lacks sufficient specificity[3]. (AR at 20); *see Brown-Hunter*, 806 F.3d at 493; *Henshaw v. Colvin*, 2016 WL 541408, at *10 (E.D. Cal. Feb. 11, 2016) ("[T]he ALJ must explain what statements were not credible and link those statements to the evidence of successful treatment of [claimant's] conditions through medication.").

Moreover, the ALJ's finding that Plaintiff's credibility was diminished by the objective evidence of record, followed simply by a summary of some of the medical evidence, is insufficient. (AR at 18-20); *see Brown-Hunter*, 806 F.3d at 494

---

[2] This is particularly problematic here because the ALJ found Plaintiff's complaints "partially credible." (AR at 18, 20.) The decision fails to identify what part of the testimony was not credible, and what part was credible.

[3] This reason is similarly problematic because the ALJ found that Plaintiff had 13 severe impairments, but failed to identify what testimony about what impairments was undercut by the treatment Plaintiff received. (AR at 16, 20.)

2

(credibility determination is insufficient when ALJ "simply state[s] [his] non-credibility conclusion and then summarize[s] the medical evidence").

In any event, the purported lack of objective medical evidence supporting Plaintiff's complaints cannot, by itself, support the credibility determination. (AR at 18, 20); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (lack of objective medical evidence supporting claimant's symptoms and limitations cannot, by itself, support a credibility finding); *Dschaak v. Astrue*, 2011 WL 4498835, at *1 (D. Or. Sept. 27, 2011) ("[O]nce the[] other bases for the ALJ's decision were discarded as erroneous, the ALJ's credibility determination could not rely solely on conflicts with the medical evidence.").

Thus, the ALJ improperly assessed Plaintiff's credibility.

B.      Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the error, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit his testimony or provide clear and convincing reasons, supported by substantial evidence, for rejecting it. *See Benton*, 331 F.3d at 1040. Further, if the ALJ rejects Plaintiff's allegations, he must specifically identify what testimony is not credible, and what evidence undermines his complaints. *See Brown-Hunter*, 806 F.3d at 493.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter*, 806 F.3d at 495.

Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id.*; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). Given the necessity of remand, the parties may freely take up all issues raised in the Corrected Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: 7.5-2017

Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

4